LAUTZ CO. v. GLENN.

(Circuit Court, E. D. Pennsylvania. December 19, 1910.)

No. 1,018.

1. CONTRACTS (§ 286*)—BUILDING CONTRACTS—DECLARATION OF ARCHITECT—EVIDENCE.

Where a subcontract required the subcontractor to perform his work in accordance with plans and specifications prepared by an architect, written declarations made by the architect during the progress of the work as to its sufficiency, and his decision that plaintiff had performed the work satisfactorily, and in accordance with the plans and specifications, would be evidence for plaintiff in an action for the price.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 286.*]

2. NEW TRIAL (§ 40*)—GROUNDS—ADMISSION OF EVIDENCE.

Error cannot be predicated on an application for a new trial on the admission of evidence on a different ground than that on which the evidence was objected to when offered and received.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 62–66; Dec. Dig. § 40.*]

3. DAMAGES (§ 189*)—BUILDING CONTRACTS—DELAY—LIABILITY OF SUBCONTRACTOR.

Where a contractor claimed to have been delayed in the finishing of a building by reason of the delay of a subcontractor, and was damaged thereby, the contractor could only recover such damages as he proved in fact resulted to himself from the subcontractor's delay; indefinite opinions and calculations of the architect being insufficient therefor.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 189.*]

4. NEW TRIAL (§ 40*)—CHARGE OF COURT—EXCEPTIONS.

An objection to the charge cannot be assigned as a reason for a new trial where no exception was taken to the particular part of the charge objected to at the trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 62–66; Dec. Dig. § 40.*]

At Law. Action by the Lautz Company against George A. Glenn, trading as George A. Glenn & Co. A verdict was returned for plaintiff, and defendant moved for a new trial. Denied.

Harry M. McCaughey and Wm. S. Furst, for plaintiff.
John C. Gilpin and George S. Graham, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOLLAND, District Judge. This was an action of assumpsit tried in this court on November 1 and 2, 1910. The suit is by a subcontractor against a contractor for the balance of the contract price alleged to be due the subcontractor for work done and materials furnished in erecting and putting in place interior marble work, tile floor, wainscoting, and rubber floor for a new office building in Scranton, known as the "Miller Building."

The suit was defended on the ground that the contractor had been obliged to expend certain moneys in making good certain defects in the plaintiff's work, and, furthermore, that the contractor had been charged by the owner for delays in completing the building, which delays, it is claimed, were caused by the subcontractor, who is liable for any resulting damage.

The jury returned a verdict in favor of plaintiff for $3,565.57. In due time this motion and reasons for a new trial were filed. They are four in number, but at the argument only two were urged. The first relates to an alleged erroneous admission of evidence in permitting the plaintiff to introduce letters written by E. H. Davis, the architect, to the plaintiff as to the completion of the work by the plaintiff. The plaintiff, who was a subcontractor, was to do the work according to plans and specifications prepared by Davis, and of which he was to judge and to determine the question of the subcontractor's substantial performance. The evidence, which it is claimed was erroneously admitted, consisted of a letter written by the architect to plaintiff in which the plaintiff was told in effect that his work was satisfactory. The architect was not called, but any written declaration made by him during the progress of the work as to the sufficiency of the work, or a decision by him that the plaintiff had performed his work satisfactorily and in accordance with the plans and specifications, would be evidence for plaintiff, but, if we are wrong about this, the objection now assigned, for the rejection of the evidence cannot be considered, because defendant did not raise the question of his right to have the letter excluded upon the ground that he (defendant) was entitled to cross-examine the architect on the matter contained in the letter, the ground upon which he now urged the admission was error, and which error entitles him to a new trial. There was merely a general objection to the admission of these letters. There was no specific reason assigned at the time why they should be excluded, and the defendant cannot now successfully urge as a reason for a new trial his objection to the admission of evidence at the trial on grounds which were not then specified or called to the attention of the court. 2 Cyc. 710, 711.

The other point raised at the argument in support of a new trial was the objection to the charge of the court as to the date when the damages began to run against the subcontractor by reason of his delay in completing the work. The contractor is entitled to hold the subcontractor for such damages only as result from the latter's delay in finishing the building. The former, under his contract with the latter, is required to establish damages to himself resulting from such delay. The evidence in support of damages charged by the owner against the contractor consists of a calculation made by the architect,

with some indefinite opinions on the part of Mr. Rowland. The question as to the date when the damages began to run against the subcontractor depends upon when the damages began to run against the contractor, and an examination of the one question would involve the other.

Without passing upon this question, it is sufficient to say that a mere statement or calculation by the architect is scarcely sufficient to prove that the amounts claimed by the architect will eventually be the amounts paid by the contractor to the owner. Even if there was sufficient evidence as to the contractor's damage to submit to the jury, the objection to the charge of the court cannot now be assigned as a reason for a new trial, because there was no exception taken to this part of the charge as required by the rules of court.

For the reasons stated, the motion and reasons for a new trial are overruled.